McGREGOR W. SCOTT
United States Attorney
VICTORIA L. BOESCH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900
victoria.boesch@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEZUMA HARBOR, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendant. | CASE NO.  2:19-cv-00831-JAM-KJN<br><br>**STIPULATION AND PROTECTIVE ORDER** |

   Plaintiff Montezuma Harbor, LLC and Defendant United States of America, by and through their respective counsel, hereby stipulate to and request that the Court enter the Proposed Order attached hereto as Exhibit A in order to allow production of sensitive and/or confidential information in this Federal Tort Claims Act lawsuit because discovery in this case may involve disclosure of records or testimony about records from the United States Air Force that contain Controlled Unclassified Information ("CUI") as defined by 32 C.F.R. § 2002.4(h).

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 |  | McGREGOR W. SCOTT<br>United States Attorney |
| 3 |  |  |
| 4 | Dated:  October 9, 2020 | By:  */s/ Victoria L. Boesch*<br>VICTORIA L. BOESCH |
| 5 |  | Assistant United States Attorney |
| 6 |  | Attorneys for the United States |

Dated:  September 28, 2020        */s/ Matthew R. Schoech (authorized 9/28/20)*
                                  MATTHEW R. SCHOECH
                                  Schoech Law Group, PC

                                  Attorneys for Plaintiff Montezuma Harbor, LLC


Dated:  October 13, 2020          /s/ John A. Mendez
                                  THE HONORABLE JOHN A. MENDEZ
                                  UNITED STATES DISTRICT COURT JUDGE

STIPULATION AND (PROPOSED) PROTECTIVE ORDER

PAGE 2

McGREGOR W. SCOTT
United States Attorney
VICTORIA L. BOESCH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900
victoria.boesch@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEZUMA HARBOR, LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO.  2:19-cv-00831-JAM-KJN<br><br>**PROTECTIVE ORDER** |

It is hereby ordered that the following Protective Order be entered in accordance with Rule 26(c) of the Federal Rules of Civil Procedure and shall hereafter govern the use, handling, and disposition of information, testimony or documents created, filed, or obtained through discovery in the above captioned matter ("the Litigation"), that constitutes Controlled Unclassified Information ("CUI") as defined by 32 C.F.R. § 2002.4(h).

**1.     Scope**

1.1 CUI is a specific category of information that requires protection against unauthorized disclosure pursuant to 32 C.F.R. § 2002.16. CUI is government created or owned information that requires safeguarding or dissemination controls consistent with applicable laws, regulations, and government wide polices.  Unauthorized disclosure of CUI can create significant risk to national security, directly affecting lethality of our warfighters.

1.2  As a general policy, access to CUI should be provided when it abides by the laws, regulations, or Government-wide policies that establish the CUI category or subcategory; furthers a lawful government purpose; is not restricted by an authorized limited dissemination control established the CUI Executive Agency; and is not otherwise prohibited by law. Because plaintiff's counsel, the court, and its employees have an authorized, lawful, government purpose to access CUI relevant to this case, this order permits the sharing in this civil action of relevant information and materials that are marked as CUI or may contain CUI.  The right of access to materials marked as CUI or containing CUI shall be limited to Authorized Holders, the court and its employees, and counsel for Plaintiff including paralegal, secretarial and other legal personnel in their employ. Court reporters retained by the parties for purposes of recording depositions who have signed a DoD-approved Non-Disclosure Agreement and experts retained by the parties who have signed a DoD-approved Non-Disclosure Agreement may also have access to CUI.

1.3 This CUI Protective Order shall govern any document, information, or other material that potentially contains Controlled Unclassified Information, as defined herein.

1.4 The materials encompassed in this protective order include, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, and documents produced in connection with in this matter. Information taken from any of these materials that reveals its substance shall also be subject to this protective order.

**2.     Definitions**

2.1 Authorized Holder. The term "Authorized Holder" shall refer to any person who is authorized to have access to specific Controlled Unclassified Information independently of this Litigation or Protective Order.

2.2 Restricted Use Document. The term "Restricted Use Document" shall refer to any document that contains Controlled Unclassified Information. "Document" includes anything discoverable as a document under the Federal Rules of Civil Procedure and means any material capable of conveying information that is written, printed, recorded, photographically reproduced, electronically produced or stored, or reproduced by any process, including by hand, and whether or not claimed to be privileged, confidential, or personal.

2.3 Controlled Unclassified Information. The term "Controlled Unclassified Information" shall have the meaning assigned by 32 C.F.R. § 2002.4(h).

**3.     Access to Controlled Unclassified Information.**

3.1 Access to the Controlled Unclassified Information under the terms and conditions of this Protective Order shall be restricted to (a) plaintiff's counsel, including paralegal, secretarial and other legal personnel in plaintiff's counsel's employ; (b) court personnel with a need to know specific Controlled Unclassified Information in the performance of their official duties; (c) court reporters and retained experts who have signed a DoD-approved Non-Disclosure Agreement; and (d) Authorized Holders.

3.2 Nothing in this Order shall preclude any disclosure of documents subject to this Order to any judge or employee of the court for purposes of this action.

**4.     Non-Disclosure of Controlled Unclassified Information**

4.1 Documents that contain CUI may not be further disseminated without written permission from DoD. CUI must not be disclosed to any person or entity other than those enumerated in Section 3.

4.2 Documents that are Restricted Use, marked as CUI, or documents that, though not marked, contain CUI, shall be treated as confidential and shall not be published or made available to the general public in any form (whether in paper or electronic form).

**5.     Production of Documents and Treatment of CUI**

5.1 Prior to production, Restricted Use Documents will be marked "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER – DO NOT DISSEMINATE."

5.2 Other materials created during the litigation, for example deposition transcripts, that contain CUI shall similarly be designated and marked "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER – DO NOT DISSEMINATE." Counsel for the United States will make such designations.

**6.     Use of Controlled Unclassified Information in Depositions and Examinations**

6.1 Controlled Unclassified Information produced under this CUI Protective Order may be used or elicited during the examination of a witness, provided such witness is an Authorized Holder or retained expert who has signed a DoD-approved Non-Disclosure Agreement, subject to the following restrictions:

6.1.1 Only the individuals identified in Section 3 of this CUI Protective Order may be present when such Controlled Unclassified Information is used or elicited.

6.1.2 To the extent that Plaintiff's counsel wishes to use a Restricted Use Document as an exhibit at a deposition, Plaintiff's counsel may print a limited number of hard copies of such Restricted Use Document for use solely as exhibits at the deposition, provided that at the conclusion of the deposition, the original marked deposition exhibit and all hard copies are collected and maintained by a court reporter who has signed a DoD-approved Non-Disclosure Agreement. The court reporter shall secure the Restricted Use Documents in a secured container such as a locked desk or file cabinet.  If Plaintiff's counsel uses an electronic copy of a Restricted Use Document as an exhibit at a deposition, that document must be transmitted to a court reporter who has signed a DoD-approved Non-Disclosure Agreement via encrypted email or other secure means.

**7.     Use of Controlled Unclassified Information in Motions and Court Proceedings**

7.1 A party who wishes to use a Restricted Use Document or the Controlled Unclassified Information contained therein in connection with a motion or other submission to this court must file the Restricted Use Document and any pleadings, motions, or other papers containing Controlled Unclassified Information under seal in accordance with the court's rules (see EDCA Local Rule 141). Where possible, only the portions of the filings that contain Controlled Unclassified Information shall be filed under seal.

7.2 A party seeking to disclose Controlled Unclassified Information in court proceedings shall ask the court to close to the public any portion of court proceedings including CUI.  No CUI shall be disclosed in court proceedings unless that portion of the proceeding has been closed to the public.

7.3 If this action proceeds to trial, the parties shall meet and confer after the close of discovery to formulate an agreement regarding the use and handling of CUI at trial. Any such agreement shall be presented to the court for approval. If the parties are unable to reach agreement, the disputed issues shall be presented to the court for resolution.

**IT IS SO ORDERED.**

Dated:  October 13, 2020          /s/ John A. Mendez
                                  THE HONORABLE JOHN A. MENDEZ
                                  UNITED STATES DISTRICT COURT JUDGE