UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTEZUMA HARBOR, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 2:19-cv-00831-JAM-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND[1]

This case involves property damage resulting from the October 2018, Branscombe fire. Compl. ¶ 2, ECF No. 1. The fire originated on the Department of United States Air Force's ("USAF" or "Defendant") Travis Air Force Base, on October 7, 2018. Id. ¶ 3. The fire moved off base, burning Montezuma Harbor LCC's ("Plaintiff") property at 3150 Grizzly Island Road in Suisan City, California. Id. ¶¶ 1-3; Def.'s Mot. for Summ. J. ("Mot.") at 2, ECF No. 27.

Plaintiff filed this action against the United States pursuant to the Federal Torts Claim Act for: (1) prima facie negligence under California Public Resource Code § 4435;

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 6, 2021.

1

(2) common law negligence; (3) negligence under California Health and Safety Code § 13007; (4) negligence under California Health and Safety Code § 13002; and (5) trespass. See generally Compl. Defendant now moves for partial summary judgment on Plaintiff's negligence claims.[2] See Mot. Plaintiff opposed this motion. Opp'n, ECF No. 32. Defendant replied. Reply, ECF No. 35. For the reasons set forth below the Court GRANTS IN PART and DENIES IN PART Defendant's Motion for Partial Summary Judgment.

II. OPINION

A. Evidentiary Objections

In opposition to Defendant's Motion, Plaintiff objected to Defendant's Statement of Undisputed Facts, No. 8 which reads: "[t]hough Perimeter Road's shoulders were designated BASH, they were maintained by Pride Industries in accordance with the semi-improved grounds standard (4 to 10 inches)." Plaintiff objects on the basis that this is based on speculation, lacks personal knowledge, lacks foundation, and is not supported by the evidence. Pl.'s Objs., ECF No. 32-3. Specifically, Plaintiff contends that the evidence presented only indicates how the BASH areas were supposed to be maintained but there is no evidence to support the conclusion that the grounds were maintained in accordance with those standards. Id. This objection is OVERRULED. Defendant's evidence of the maintenance standards and schedules supports their claim that area was maintained in

---

[2] As Plaintiff points out, Defendant does not address the trespass claim in their Motion at all. See Mot. They cannot remedy this by doing so in reply. Accordingly, the Court considers Defendant's Motion to be one for Partial Summary Judgment.

2

accordance with those standards.

   B.   Legal Standard

A court must grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of "informing the district court of the basis for its motion, and identifying [the documents] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Once the movant makes this initial showing, the burden rests upon the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Id. at 250. An issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

   C.   Analysis

As a sovereign, the United States "is immune from suits save as it consents to be sued." Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (internal quotation marks and citation omitted). "The Federal Torts Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). The law of the state where the negligence occurred governs the scope of the United States'

liability. 28 U.S.C. § 1346(b)(1). Because the alleged negligence occurred in California, California law governs.

       1.   <u>Prima Facie Negligence</u>

Under California law the elements of a cause of action for negligence are: (1) a legal duty to use care; (2) a breach of such legal duty; and (3) that the breach proximately caused plaintiff's injury. <u>Ladd v. Cty. of San Mateo</u>, 12 Cal.4th 913, 917 (1996). Under California Public Resource Code § 4435 "[i]f any fire originates from the operation or use of any engine, machine, barbecue, incinerator, railroad rolling stock, chimney, or any other device which may kindle a fire, the occurrence of the fire is prima facie evidence of negligence in the maintenance, operation, or use of such engine, machine, barbecue, incinerator, railroad rolling stock, chimney, or other device." Cal. Pub. Res. Code § 4435.

Plaintiff's first theory of negligence is one for prima facie negligence under California Public Resource Code § 4435. Both parties agree that the most probable cause of the fire was hot metal fragments of a catalytic converter from a vehicle exhaust system. Pl.'s Resp. to Def.'s Statement of Undisputed Facts ("Def.'s SUF") No. 1, ECF No. 32. The parties dispute, however, whether it was an Air Force or privately owned vehicle that caused the fire. Def.'s SUF No. 2. The government argues that Plaintiff has not put forth sufficient evidence to create a genuine issue as to whether the vehicle was owned and operated by the government. <u>See</u> Mot. at 5; Reply at 2-3.

The Court disagrees. Plaintiff points to a deposition by John Miller in which he states that video surveillance of an

area near the fire shows a government vehicle passing through. Def.'s SUF No. 2. He identified it was a government vehicle by comparing the images in the video with that of photographs taken of Air Force police vehicles. Id. While Plaintiff's expert may not be able to testify on the issue, Defendant doesn't address why the jury could not ascertain for themselves if the vehicle in the video matched the photographs of the government vehicles. Viewed in the light most favorable to Plaintiff, a reasonable jury could find that it was more likely than not a government vehicle that caused the fire, especially given it occurred on a government base. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Scarborough v. Urgo, 216 P. 584, 352 (Cal. 1923) (level of proof in negligence action is preponderance of evidence).

Defendant also argues that even if Plaintiff could show the vehicle was owned and operated by the government, Plaintiff has introduced no evidence demonstrating that the emitted fragments were the result of the Air Force's negligence. Mot. at 5. But under California Public Resource Code § 4435, Plaintiff does not have to show negligence. Rather "where a fire originates from the use of a covered device, negligence is assumed from the very fact that the fire started. It is not plaintiff's responsibility to [prove] negligence led to the origination of the fire." United States v. Sierra Pac. Indus., 879 F.Supp.2d 1096, 1110 (E.D. Cal. 2012). Rather if Plaintiff is able to demonstrate it was a government vehicle "[i]t will be defendants' burden at trial to present sufficient evidence that the [vehicle] was not negligently maintained, operated, or

used." Id. at 1111. Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's prima facie negligence claim, count one, is DENIED. Because Plaintiff may be able to prove negligence under this theory Defendant's Motion for Summary Judgment on claims three and four is also DENIED.

But Plaintiff also asserts a second cause of action for negligence under a common law duty to maintain the vehicles on the Base. Compl. ¶¶ 19-22. As Defendant points out, Plaintiff offers no evidence to suggest that any government employee was negligent in their maintenance of the car. Mot. at 4-5 (citing Boesch Decl. Ex O (Miller Depo, at 12:4-19) ("Q. So here you are offering the opinion that the Air Force negligently caused the Branscombe Fire by inadequately maintaining a vehicle? A. I don't have information whether they maintained them or not, so I couldn't say."). Unlike the prima facie claim, Plaintiff must prove Defendant breached the duty of care. Plaintiff fails to address this in its opposition. See Opp'n at 5-6. Thus, Defendant's Motion for Summary Judgment on the common law negligence claim, count two, is GRANTED.

### 2. Other Theories of Negligence

Defendant also argues summary judgment is warranted notwithstanding Plaintiff's two other theories of negligence: (1) negligence in maintaining the weeds and grass and (2) negligent firefighting tactics and use of equipment. Mot. at 5-10. Defendant argues that Plaintiff has presented insufficient evidence to support these theories as Plaintiff's expert opinion, the only supporting evidence, is unreliable and therefore inadmissible. Id. The Court agrees.

Rule 702 of the Federal Rules of Evidence states that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if": (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. For expert testimony to be admissible it must be both relevant and reliable. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999). Thus, "the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'" Id. at 149 (quoting Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 597, 592 (1993)).

The only evidence supporting Plaintiff's claim that Defendant was negligent in maintaining the areas containing weeds and grass is the opinion of their expert, John Miller. See Pl's. Statement of Undisputed Facts ("Pl.'s SUF") No. 2, ECF No. 32. In his deposition, Miller, claimed that the vegetation along the roadway was required to be mowed down to two inches. This opinion was purportedly based on a set of 2020 weed abatement guidelines by the Vallejo Fire Department and the National Fire Protection Association Code Section 17.3.5.3. Boesch Decl., ECF No. 27, Ex. B (Miller Report); Ex. O (Miller Depo. at 16:3-18:24). But neither supports his claim. The Vallejo guidelines recommend a defensible space mowed to two

inches from the ground <u>around structures</u>, but, by contrast, its recommendation for roadway shoulders is only to clear vegetation for ten feet on each side of the road. Boesch Decl. Ex. P. Similarly, NFPA only says that areas within ten feet of roadways should be cleared of combustible vegetation, without specifying the height to which it must be mowed. Boesch Decl. Ex. Q. Further, Miller failed to consider the environmental restrictions that applied to biologically sensitive areas on the base. Boesch Decl. Ex O (Miller Depo. at 61:20-62:20).

Plaintiff does not address this in its opposition merely stating that "a genuine dispute of material fact exists as to whether the NFPA standards were violated." Opp. at 4. But as mentioned there is no genuine dispute because the NFPA standards do not say anything about the required height of the vegetation. Plaintiff makes no attempt to further justify the basis for Miller's opinion. Accordingly, it is nothing more than a "mere subjective belief[] or unsupported speculation." <u>Claar v. Burlington N. R. Co.</u>, 29 F.3d 499, 501 (9th Cir. 1994).

Plaintiff's theories of negligence based on improper firefighter tactics and equipment are also only supported by Miller's opinions. Pl.'s SUF No. 4. Miller formed his opinion after watching a video of the response to the fire provided by Travis Air Force Base, which he admitted was difficult to make out. Boesch Decl. Exh. O (Miller Depo. at 28:22-25). As Defendant points out, Miller failed to consider all the relevant information, such as the report specifying the equipment used or the firefighters' depositions detailing their tactics. <u>Id.</u> (Miller Depo. at 45:15-17; 49:24-51:19; 52:13-53:3). Thus, his

opinion was not based on sufficient facts as required by 702(b). Without knowledge of the actual tactics and equipment used, Miller cannot form a reliable opinion about them.

For these reasons the Court GRANTS Defendant's Motion for Summary Judgment on these remaining theories of negligence.[3]

### III. ORDER

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion for Partial Summary Judgment.

IT IS SO ORDERED.

Dated: May 27, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[3] Although not argued in their briefs, even if Plaintiff did offer sufficient evidence for these theories of negligence, Plaintiff still would not be able to defeat summary judgment as none of these theories were sufficiently alleged in the Complaint. See generally Compl. (alleging negligence under: (1) California Public Resource Code § 4435 based on negligent maintenance of the vehicle; (2) common law duty to "assure and maintain the machines used on the Base [. . .] such that they are in a condition that they would not combust, sparking a fire on its property"; (3) under California Health and Safety Code § 13007 by "[causing] the fire on the Base from the engine exhaust of a vehicle or machine that spread from the Base to other privately-owned property"; and (4) under California Health and Safety Code § 13002 by "discharging onto the Base along its roadway hot metal from an engine exhaust onto the property which [caused] a fire"); see also Pena v. Taylor Farms Pac., Inc., 2:13-CV-01282-KJM-AC, 2014 WL 1330754 at *5 (E.D. Cal. Mar. 28, 2014) ("where the complaint does not include the necessary factual allegations, raising such a claim in a summary judgment motion is insufficient to present the claim to the district court."); Adobe Lumber Inc. v. Hellman, No. CIV 2:05-1510 WBS EFB, 2010 WL 760826 at *5 (E.D. Cal. Mar. 4, 2010) ("A plaintiff may not [. . .] add facts as discovery goes along without amending the complaint because to do so would read the fair notice requirement out of Rule 8(a) and would seriously undermine the rule's goal of encouraging expeditious resolution of disputes.")